1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10   CAPITOL RECORDS, INC., a Delaware            Civil No.    07-cv-1570-JM (POR)
     corporation; INTERSCOPE RECORDS, a
11   California general partnership; SONY BMG
     MUSICA ENTERTAINMENT, a Delaware
12   general partnership; UMG RECORDINGS
     INC., a Delaware corporation; BMG MUSIC, a
13   New York general partnership; WARNER
     BROS. RECORDS INC., a Delaware
14   corporation,

15                                    Plaintiffs,    **ORDER GRANTING PLAINTIFFS' EX
                                                     PARTE APPLICATION FOR LEAVE
16                  v.                               TO TAKE IMMEDIATE DISCOVERY**

17   JOHN DOE,                                       **[Docket No. 3]**

                                      Defendant.
18

19          On August 9, 2007, Plaintiffs filed a complaint against the Doe Defendant for copyright

20   infringement, alleging that Defendant used an online media distribution system to download and

21   distribute copyrighted works.  Plaintiffs do not know the name of the Doe Defendant, but have

22   identified the unique Internet Protocol address assigned to Defendant at the date and time of the

23   alleged infringing activity and have also identified the Internet Service Provider that provided

24   Defendant with internet access at the date and time of the alleged infringing activity.  Simultaneous

25   to their complaint, Plaintiffs have filed an *Ex Parte* Application seeking leave of the Court to serve

26   immediate discovery on the Internet Service Provider, the University of California, San Diego, to

27   identify Defendant.  Plaintiffs intend to serve a subpoena pursuant to Federal Rule of Civil

28   Procedure 45 on the University of California, San Diego, seeking documents that identify

                                              - 1 -                                      07cv1570

1   Defendant's true name, current and permanent addresses and telephone numbers, e-mail addresses,

2   and Media Access Control addresses.

3        In accordance with Federal Rule of Civil Procedure 26(d), discovery does not commence

4   until parties to an action meet and confer as prescribed by Federal Rule of Civil Procedure 26(f),

5   unless by court order or agreement of the parties.  A court order permitting early discovery may be

6   appropriate "where the need for expedited discovery, in consideration of the administration of

7   justice, outweighs the prejudice to the responding party."  Semitool, Inc. v. Tokyo Electron

8   America, Inc., 208 F.R.D. 273, 276 (N.D.Cal. 2002).

9        After reviewing Plaintiffs' *Ex Parte* Application to take discovery, the declaration of Carlos

10   Linares, and the accompanying Memorandum of Law, the Court finds good cause to grant Plaintiffs'

11   Application, based on:  (1) the allegations of copyright infringement contained in Plaintiffs

12   complaint; (2) the danger that the University of California, San Diego will not preserve the

13   information that Plaintiffs seek; (3) the narrow tailoring of the discovery request so as not to exceed

14   the minimum information required to advance this lawsuit without prejudicing the Defendant; and

15   (4) the Court's finding that the expedited discovery requested will substantially contribute to moving

16   this case forward.  Furthermore, without such discovery, Plaintiffs cannot identify the Doe

17   Defendant, and thus cannot pursue their lawsuit to protect their copyrighted works from

18   infringement. Accordingly, IT IS HEREBY ORDERED:

19       1.    Plaintiffs may serve immediate discovery on the University of California, San Diego

20           to obtain the identity of the Doe Defendant by serving a subpoena pursuant to Federal

21           Rule of Civil Procedure 45 that seeks information sufficient to identify the Doe

22           Defendant, including the name, current and permanent addresses and telephone

23           numbers, e-mail addresses, and Media Access Control addresses for the Defendant.

24       2.    Any information disclosed to Plaintiffs in response to the subpoena may be used by

25           Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright

26           Act.

27       3.    If the University of California, San Diego and/or the Defendant wishes to move to

28           quash the subpoena, they shall do so before the return date of the subpoena.  If such a

1   motion is brought, the University of California, San Diego shall nonetheless preserve

2   the information sought in the subpoena pending resolution of such motion.

3       4.   Plaintiffs shall provide a copy of this Order to the University of California, San Diego

4   when the subpoena is served.

5

6   DATED:  August 23, 2007

7

8   LOUISA S PORTER
    United States Magistrate Judge

9

10  cc:      Honorable Jeffrey T. Miller

11        All parties

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28